# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FREEDOM MORTGAGE<br>CORPORATION, | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | C.A. No. N22L-10-033 FWW |
| v. | ) | |
| | ) | |
| VERLYN RAYFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: February 17, 2023
Decided: March 3, 2023

*Upon Defendant Verlyn Rayfield's Motion to Expedite Ruling of Motion to Dismiss Plaintiff's Complaint,*
**MOOT.**

Submitted: February 24, 2023
Decided: March 3, 2023

*Upon Defendant Verlyn Rayfield's Motion for Reconsideration of Order Denying Motion to Dismiss Plaintiff's Complaint,*
**DENIED.**

## ORDER

Janet Z. Charlton, Esquire, Chase N. Miller, Esquire, MCCABE, WEISBERG & CONWAY, LLC, 1407 Foulk Road, Suite 204, Wilmington, DE 19803, Attorneys for Plaintiff Freedom Mortgage Corporation.

Verlyn Rayfield, 821 W. 32nd Street, Wilmington, DE 19802, Defendant.

**WHARTON, J.**

This 3rd day of March 2023, upon consideration of the Defendant's Motion to Expedite Ruling of Motion to Dismiss Plaintiff's Complaint ("Motion to Expedite"),[1] Defendant's Motion for Reconsideration of Order Denying Motion to Dismiss Plaintiff's Complaint ("Motion for Reconsideration"),[2] and the record in this case, it appears to the Court that:

1.    Freedom Mortgage Corporation ("Freedom") brought this mortgage foreclosure action on October 19, 2022.[3] Freedom alleges that George Rayfield and Verlyn Rayfield ("Rayfield") executed and delivered a mortgage on the property known as 821 W. 32nd Street, Wilmington, Delaware.[4] Freedom further alleges that it is the assignee of the mortgage.[5] George Rayfield died on June 9, 2021, leaving Rayfield the surviving tenant by the entirety.[6] Freedom alleges that Rayfield has failed to pay installments on the mortgage and now owes Freedom $199,371.96 in principal together with interest and assorted other charges.[7]

2.    Rayfield filed a Motion to Dismiss, accompanied by an Affidavit in Support of Motion to Dismiss setting out the grounds for dismissal, on January 6,

---

[1] Defs.' Mot. to Expedite Ruling for Def.'s Mot. to Dismiss, D.I. 32.
[2] Def.'s Mot. for Reconsideration, D.I. 33.
[3] Compl., D.I. 1.
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*

2023, but not docketed on File & ServeXpress until January 16th.[8] Freedom was directed to file a response by February 16th.[9] Rayfield then filed a "NOTICE OF NON-RESPONSE AND UNOPPOSED MOTION TO DISMISS PLAINTIFF'S COMPLAINT" on January 31st.[10] Freedom responded on February 16th.[11] On February 17th, the same day as Rayfield filed the Motion to Expedite, the Court issued its Order denying her Motion to Dismiss ("Order").[12] Accordingly, Rayfield's Motion to Expedite is **MOOT.**

3.      Rayfield now asks the Court to reconsider its denial of her Motion to Dismiss.  Her motion, accompanied by an affidavit in support of it was filed on February 24th and docketed on File&ServeXpress on the 27th.[13] She submitted the affidavit again on March 2nd.[14] She complains the Order: (1) "arbitrarily and capriciously noted only six (6) of the twelve (12) acknowledged records on the docket filed by Respondent" which were factually relevant to the motion; (2) incorrectly cited dates documents were filed; (3) failed to recognize that the Motion to Dismiss was unopposed; (4) incorrectly held that there was no reason to believe

---

[8] Def.'s Mot. to Dismiss, D.I. 18.
[9] Case manager's letter, D.I. 20.
[10] D.I. 22, docketed on File & ServeXpress on February 8th.
[11] Pl.'s Resp. to Def.'s Mot. to Dismiss, D.I. 29.
[12] *Freedom Mortgage Corporation v. Rayfield,* 2023 WL 2134977 (Del. Super. Ct. Feb. 17, 2023).
[13] Def.'s Mot. for Reconsideration, D.I. 34.
[14] D.I. 35.

that Freedom would be unable to prove a set of facts that would entitle it to relief; (5) ignored Freedom being "in default" for failing to comply with various demands made of it by Rayfield which she contends confirms that Freedom has no genuine claim to the property; and (6) ignored Freedom's failure to supply "any necessary proofs that demonstrate Plaintiff to have the right of subrogation to the debt allegedly owed."[15]  Her prayer for relief makes two demands: (1) "given the consistency of error by [the Court] regarding the dates,[16] in addition to [its] blatant omission of material documents, [the Court's] dishonor to the Court shall demand full reconsideration of this motion to correct [its] errors;" and (2) "It is demanded of [the Court] do his judicial duty by taking into consideration all items of material fact to derive a logical judgment on the Motion to Dismiss, upon further review."[17]  She then adds, "any dispute or refutation of facts stated herein shall have seventy-two (72) hours to be addressed by parties of interest."[18]

---

[15] *Id.*

[16] Discrepancies in dates are largely, if not entirely, due to the different dates some documents were filed conventionally and when they were electronically docketed. Here, whatever differences in dates that may exist between a date cited in the  Order and the date a document was conventionally filed are of no substantive significance.

[17] Def.'s Mot. for Reconsideration, at 8, D.I. 34.

[18] In a great number of her filings, Rayfield attempts to impose similar deadlines on opposing counsel or the Court and to assert a default if those deadlines are not met. *See e.g.* Rayfield's Notice of Non-Response and Opportunity to Cure, D.I. 9; Demand for Oath, Bond(s), and Conflict of Interest Disclosure(s), D.I. 15; Affidavit of Affirmation Attorney, D.I. 17; Motion to Dismiss at 4, D.I. 18; Notice of Non-Response and Unopposed Motion to Dismiss Plaintiff's Complaint, D.I. 22; Counter-Claim and Rebuttal Affidavit of Freedom Mortgage Corporation's

4. Rayfield has captioned her motion as one for reconsideration, but it is more properly viewed as one for reargument. Pursuant to Superior Court Civil Rule 59(e), a motion for reargument will be granted only if the Court has "overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[19] A motion for reargument is not an opportunity for a party to either rehash arguments already decided by the Court or present new arguments not previously raised.[20] Therefore, to succeed on such a motion, the moving party has the burden of demonstrating the existence of newly discovered evidence, a change in the law, or manifest injustice.[21]

5. Rayfield fundamentally misapprehends the role of the Court in deciding a motion to dismiss. The Court does not make a decision on the factual merits – that is for trial. It does not even determine if there are genuine issues of material fact in

---

Affidavit of Loss Mitigation, at 1, D.I. 26; and Motion to Expedite Ruling of Motion to Dismiss Plaintiff's Complaint at 1, D.I. 32. Rayfield is instructed that the Court is guided by the Superior Court Rules of Civil Procedure, not *ad hoc* rules of her of her own conjuring, in particular the 72 hour deadline she seems to favor. Artificial deadlines imposed by Rayfield and the supposed consequences for failure to meet them are not sanctioned by the Superior Court Civil Rules and are of no force and effect.

[19] *Janeve Co., Inc. v. City of Wilmington*, 2009 WL 2386152, at *1 (Del. Super. July 24, 2009) (quoting *Reid v. Hindt*, 2008 WL 2943373, at *1 (Del. Super. July 31, 2008)).

[20] *See Reid*, 2008 WL 2943373, at *1 (citations omitted).

[21] *Id.*

dispute – that is for summary judgment. At this stage of the litigation, the Court merely determines if the complaint, on its face, states a claim for which the plaintiff can recover *if* it can prove the facts it alleges. For the reasons stated in the Order, Freedom clearly has met that low threshold. Whether any of the issues Rayfield raises in her Motion for Reargument or elsewhere will bear fruit later if and when she raises them in the proper procedural context is not for the Court to decide now. The Court has not "overlooked a controlling precedent or legal principles," nor has it misapprehended the law or facts such as would have changed the outcome" of the Order. Further, Rayfield has failed to meet her burden to demonstrate the existence of newly discovered evidence, a change in the law, or manifest injustice.

**THEREFORE**, Defendant Verlyn Rayfield's Motion for Reconsideration of Order Denying Motion to Dismiss is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.